# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-488V
(Unpublished)

| | |
|---|---|
| JESSICA WOODBECK and MICHAEL BIAS, *as legal representatives of H.H.W., an infant, deceased*, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Master Katherine E. Oler <br><br> Filed: April 30, 2020 <br><br> Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |

*Sylvia Chin-Caplan*, Law Office of Sylvia Chin-Caplan, LLC, Boston MA, for Petitioner.
*Ryan D. Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On April 3, 2018, Jessica Woodbeck and Michael Bias, as legal representatives of H.H.W., an infant (deceased) ("Petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that H.H.W. died as a result of the administration of the DTaP, Hep B, IPV, Hib, pneumococcal conjugate, and/or Rotavirus vaccinations H.H.W. received on April 7, 2016.  Pet., ECF No. 1.  Petitioners filed a statement of completion on September 17, 2018.  ECF No. 15.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On November 14, 2018, Respondent filed a Rule 4(c) Report contesting Petitioners' right to damages and requesting the dismissal of the claim. ECF No. 16. On July 29, 2019, Petitioners filed a status report indicating that they were "in agreement with respondent that [the instant case] should be stayed pending the outcome of the *Boatmon* appeal at the Federal Circuit." ECF No. 30.

On July 30, 2019, I issued an order staying the case until a decision was issued by the Federal Circuit in *Boatmon v. Sec'y of Health and Human Services*, 13-611V. Non-PDF Order of July 30, 2019. On November 7, 2019, the Federal Circuit issued its decision. *Boatmon*, 941 F.3d 1351 (Fed. Cir. 2019). On November 12, 2019, I issued a non-PDF order lifting the stay and ordering Petitioners to file a status report by January 13, 2020 indicating how they would like to proceed. Petitioners filed a status report on January 13, 2020, advising the Court of their "desire to communicate with the medical examiner's office that had conducted the autopsy of her son to determine whether any tissue samples were retained by the office."[3] ECF No. 31. On March 16, 2020, Petitioners filed a status report advising the Court that "no tissue samples remain[ed] from the autopsy of [H.H.W.]" and that Petitioners planned to dismiss their case. ECF No. 33.

Petitioners filed a motion to dismiss their claim on April 29, 2020, indicating that Petitioners "have determined that they will be unable to prove entitlement to compensation in the Vaccine Program and to proceed further would unnecessarily expend the resources of the Court, the Respondent and the Vaccine Program." Pet'r's Mot., ECF No. 34 at 2.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioners to meet their burden of proof. Petitioners claim therefore cannot succeed and, in accordance with their motion, must be dismissed. § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[3] The Court in *Boatmon* discussed the fact that no examination of the decedent's brain had been performed that would show the presence of a brainstem abnormality found in the majority of SIDS cases.